UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 18-cv-24079-KMW**

ANTONIO C. MEDINA, and all others
similarly situated

    Plaintiff,

v.

DM FENCE, CORPORATION, a Florida
Corporation, DAVID MEZA, individually,
and PABLO AROCH, individually,

    Defendants.
_____/

## DEFENDANTS, DM FENCE, CORPORATION, DAVID MEZA, AND PABLO AROCH'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rules 12(b)(1), if applicable, [1] and 12(b)(6), Federal Rules of Civil Procedure, Defendants, DM FENCE, CORPORATION, DAVID MEZA, and PABLO AROCH, herein move to Dismiss Plaintiff's Complaint, and notwithstanding, further move under Rule 12(f) to strike certain allegations, and for grounds therefore state:

### INTRODUCTION

1. Plaintiff filed this Action on or about October 3, 2018. [D.E. 1].

2. Plaintiff's Complaint alleges Count I (Unpaid Overtime Wages) and Count II (Federal Minimum Wages).

---

[1] *Rodriguez v. Diego's Rest., Inc.*, 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009) (noting individual or enterprise coverage under the FLSA is an element of a plaintiff's claim for relief, not a jurisdictional threshold.)

3. The Complaint alleges that Defendant, DM Fence, Corportion, "regularly conduct[s] business within the Southern District of Florida" and "install[s] fences for its customers." [D.E. 1, ¶ 5].

4. Both Counts of the Complaint allege that Plaintiff's role as an alleged employee of the company was to "install fences." [D.E. 1, ¶¶ 17 & 24].

5. As elaborated further below, Plaintiff's Complaint must be dismissed as a matter of law, because the Complaint fails to state a claim upon which relief can be granted.

6. The Complaint fails to state a claim upon which relief can be granted because it fails to provide more than labels and conclusions and a formulaic recitation of the elements of a cause of action for a Fair Labor Standards Act, 29 U.S.C. §§ 201-209 ("FLSA") claim.

7. More specifically, the Complaint fails to state a claim for individual or enterprise coverage under the FLSA, which is an element of a plaintiff's claim for relief which Plaintiff fails to properly support and plead for the reasons more fully stated below.

## LEGAL STANDARD

### Motion to Dismiss

8. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan* v. *American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan* v. *Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

9. "Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action…." *Id.*

10. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Enterprise Coverage

11. For Enterprise Coverage to apply, the enterprise must (i) be engaged in commerce under the statute **and** (ii) must gross over $ 500,000 annually. *Rodriguez*, 619 F. Supp. at 1350; *see* 29 U.S.C. § 203(s)(1)(A)(i)-(ii). (**emphasis added**.)

Individual Coverage

12. For individual coverage under the FLSA to apply, a plaintiff must show that he or she is (i) engaged in commerce or (ii) engaged in the production of goods for commerce. *Id.*; *see* 29 U.S.C. § 207(a)(1).

13. "For an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Olson v. Star Lift, Inc.*, 709 F. Supp. 2d 1351, 1354 (S.D. Fla. 2010).

14. Under the FLSA, "[t]he burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production

was for interstate commerce." *Kitchings v. Florida United Methodist Childrten's Home, Inc.*, 393 F. Supp. 2d 1282, 1292 n.25 (M.D. Fla. 2005).

15. "Where employees' activities [are] related to interstate instrumentalities or facilities, such as bridges, canals and roads, [courts] have used a practical test to determine whether they are 'engaged in commerce.' The test is 'whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" *Mitchell v. Lublin, McGaughy & Associates*, 358 U.S. 207, 212, 79 S. Ct. 260, 3 L. Ed. 2d 243 (1959) (internal citations omitted). Further, to be engaged in commerce, a "**substantial part**" of the employee's work must be related to interstate commerce. Divins v. Hazeltine Electronics Corp., 163 F.2d 100 (2d. Cir. 1947) (**emphasis added**)(quoting Walling v. Jacksonville Paper Co., 317 U.S. 564 (1943)).

## LEGAL ARGUMENT

### I. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR ENTERPRISE COVERAGE.

As stated above, for Enterprise Coverage to apply, the alleged "enterprise" must (i) be engaged in commerce under the statute **and** (ii) must gross over $ 500,000 annually. *Rodriguez*, 619 F. Supp. at 1350; *see* 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Plaintiff purports to make allegations as to the first prong "engaged in commerce" but fails to do so in a form that is not conclusory or a formulaic recitation of the elements required to state Enterprise Coverage under the FLSA. For example, Plaintiff alleges in Paragraph 6 of its Complaint [D.E. 1] the blanket allegation that "Defendant, DM FENCE, is at all times pertinent to this Complaint, an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce" (i.e., fence and tools to cut, measure

4

and install fences). [D.E. 1]. However, Plaintiff fails to state the origin of the tools, how "fence" is a material and fails to allege or ever state from where these handled goods were purchased. All Plaintiff alleges is a conclusory and blanket allegations that the "fence and tools" had "travelled in interstate commerce." [D.E. 1, ¶6].

Regardless, to state Enterprise Coverage the Plaintiff must not only plead that the Defendant company was engaged in commerce, but is **must** also plead that the Defendant company gross over $500,000.00 annually. Plaintiff first and foremost fails to do so for the year 2018. *See* [D.E. 1, ¶ 7]. Plaintiff cannot and does not allege that Defendant DM Fence, Corporation has grossed more than $500,000.00 for the year 2018; it can only state for 2018 "DM FENCE is expected to exceed $500,000.00 for the year of 2018." [D.E. 1, ¶ 6]. Nevertheless, and in direct contradiction to this, as a mere legal conclusion and as a formulaic recitation of the elements of a cause of action of enterprise coverage, Plaintiff states in the same paragraph wherein it admits that he is not sure if Defendant DM Fence actually grossed over $500,000.00 for the year 2018, that "…the annual gross revenue of DM FENCE was at all times material hereto in excess of $500,000.00 per annum." [D.E. 1, ¶ 7). For this reason alone, Plaintiff's claim pursuant to purported enterprise coverage must fail as a matter of law.

Alternatively, and notwithstanding the above, if the Court finds that enterprise coverage was properly pled by Plaintiff and not internally contradictory and conclusory, and if the Court chooses to consider same, attached hereto as an exhibit, in the alternative, is a true and correct copy of Defendant, David Meza ("Mr. Meza"), a representative of Defendant DM Fence, Corporation, wherein Mr. Meza swears and attests that DM Fence, Corporation did not gross revenue in excess of $500,000.00 per annum.

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR INDIVIDUAL COVERAGE.

As stated in Section I, *supra*, Plaintiff's Complaint fails to state a cause of action and state a claim upon which relief can be granted under enterprise coverage. As such, Plaintiff must plead a cause of action pursuant to individual coverage; however, Plaintiff fails to plead individual coverage on the face of the Complaint for multiple reasons.

As stated above, for Plaintiff to plead individual coverage, Plaintiff must allege that he or she is (i) engaged in commerce or (ii) engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1). Under this test, and in addition to the standards already stated above, the question "is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld*, 319 U.S. 491 (1943); *Curry v. High Springs Family Practice and Diagnosis Center, Inc.*, 2009 WL 3163221 (N.D. Fla. 2009) (stating a doctor's assistant who made 29 calls or faxes to other states during her employment did not engage in commerce); *Olson*, 709 F. Supp. 2d at 1351 (where employee sued his employer and its president for unpaid overtime under Fair Labor Standards Act, employee was not entitled to individual coverage since his repair and maintenance work on forklifts represented isolated local activity, which only indirectly affected commerce); *see also Milbourn v. Aarmada Protection Systems 2000, Inc.*, 588 F. Supp. 2d 1341 (S.D. Fla. 2008) ("[E]mployees of independent contractors are not engaged in the production of goods for commerce 'merely because the customers of the employer happen to include producers of goods for commerce'").

To start, Plaintiff fails to allege that Plaintiff engaged in interstate commerce. As the Complaint is pled, Plaintiff helped build local fences for local Southern District of Florida

6

locations.  Nowhere is it pled that Plaintiff ever travelled out of state for Defendants, nor that Plaintiff ever purchased materials for Plaintiffs.  The only allegations which could even potentially relate are boilerplate allegations that "DM FENCE, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida." [D.E. 1, ¶ 6].  However, these allegations are too vague to establish any individual coverage for Plaintiff. First, the Complaint does not allege that Plaintiff was the employee to ever solicit funds out of state, accept funds, or use telephonic transmissions.  As Plaintiff was an outdoor worker on fences, it is unlikely, not clear on the face of the Complaint, and not pled that Plaintiff did in fact do any of these acts; in fact the Complaint appears on its face to contradict these allegations.  Even then, as shown in *Curry*, *supra*, just making calls or faxes to other states during employment does not on its face mean engaging in commerce.  Thus, not only does Plaintiff fail to plead he in fact performed these acts, Plaintiff most definitely then fails to plead these acts were not isolated activities which only indirectly affect commerce.  The allegations relating to "handling" of materials are not applicable to individual coverage, as the "handling clause" of the FLSA will be considered to see if an employer will be considered an enterprise engaged in commerce under Enterprise Coverage, not as to individual coverage.  *See Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010); however, for the reasons stated above, Plaintiff failed to plead Enterprise Coverage.

Thus, for all of the aforementioned reasons, Plaintiff's Complaint fails to state a cause of action under the FLSA under either enterprise coverage or individual coverage and must be dismissed as a matter of law.

### III.    DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S CLASS ACTION ALLEGATIONS.

Pursuant to Rule 12(f), Federal Rules of Civil Procedure, the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. In several instances in the Complaint, Plaintiff refers to "similarly situated individuals." [D.E. 1]. Plaintiff has failed to demonstrate via its pleadings and allegations that there are similarly situated employees under 29 U.S.C. § 216(b) opt-in class; thus, notwithstanding any of the above, Plaintiff's allegations as to "similarly situated individuals" must be stricken.

**WHEREFORE,** Defendants, DM Fence, Corporation, David Meza, and Pablo Aroch, respectfully request that the Court enter an Order Dismissing Plaintiff's Complaint in its entirety, striking any reference to "similarly situated individuals", awarding Defendants' their attorney's fees and costs, and for all other relief the court deems reasonable and just.  Pursuant to S.D. Fla. L. R. 7.1, a proposed order is attached for the Court.

Dated: November 26, 2018.

Respectfully submitted,

**L.E. BURGESS, P.A.**
*Attorney for Defendants*
5966 South Dixie Highway, Suite 300
Miami, FL 33143
Telephone: (305) 942-8044
Alt. Tel.: (713) 818-5055

By:    /s/ Laura E. Burgess
Laura E. Burgess, Esq.
Florida Bar No.: 0105073
Laura@leburgesslaw.com;
LeburgessPA@gmail.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 26, 2018, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF System, which will send notices of electronic filing to the following:

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
DanielFeld.Esq@gmail.com

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Tel: (305) 773-6661
mamane@gmail.com

                    Respectfully submitted:
                    **L.E. BURGESS, P.A.**
                    *Attorney for Defendants*
                    5966 South Dixie Highway, Suite 300
                    Miami, FL 33143
                    Telephone: (305) 942-8044
                    Alt. Tel.: (713) 818-5055

                    By: ___/s/ Laura E. Burgess_____
                    Laura E. Burgess, Esq.
                    Florida Bar No.: 0105073
                    Laura@leburgesslaw.com;
                    LeburgessPA@gmail.com