UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24079-CIV-WILLIAMS/TORRES

ANTONIO C. MEDINA, and all others
similarly situated

       Plaintiff,

vs.

DM FENCE, CORPORATION, a
Florida Corporation, DAVID MEZA,
individually, and PABLO AROCH,
individually,

       Defendants.

_____/

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Comes Now Plaintiff, by and through undersigned counsel, and hereby files Plaintiff's Response in Opposition to Defendants' Motion to Dismiss and in support thereof states as follows:

1.      Defendants contend that Plaintiff's Complaint must be dismissed for the following three reasons:

    1)  Plaintiff has pled insufficient facts for enterprise coverage.

    2)  Plaintiff has pled insufficient facts for individual coverage.

    3)  Plaintiff has failed to demonstrate that there are similarly situated individuals.

2.      In response, Plaintiff contends that Defendant's Motion to Dismiss is without merit, and, in turn, addresses each issue raised:

    1)  Plaintiff has pled sufficient facts to establish enterprise coverage.

    2)  Plaintiff has not asserted individual coverage; therefore, Defendants' Motion to Dismiss is moot as to this issue.

3)   Plaintiff has sufficiently asserted that there are other similarly situated pursuant to 29 U.S.C. 216(b), and will seek to file, if necessary, the appropriate motion at a later date.

## MEMORANDUM OF LAW

**A**.   **Standard for Dismissal:**

In deciding a motion to dismiss, the Court accepts the facts of the Complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiff to relief.  *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).  Rule 8(d)(1) of the Federal Rules of Civil Procedure requires that the complaint: "Each allegation must be simple, concise, and direct. No technical form is required" setting forth entitlement to relief.  Plaintiff simply must "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).  "More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974." *D'Angelo v. United States,* 2008 WL 2906663, at *2 (S.D. Fla. July 24, 2008).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).  In an FLSA

matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953). "Finally, at the motion to dismiss stage, under Fed. R. Civ. P. 12(b)(6), a court can only examine the four corners of a complaint. *Crowell v. Morgan Stanley Dean Witter Servs., Co., Inc*., 87 F. Supp.2d 1287 (S.D. Fla. 2000)." *Medina v. United Christian Evangelistic Ass'n,* 2009 U.S. Dist. LEXIS 16412 (S.D. Fla. Feb. 27, 2009). In the case at hand, Plaintiff has alleged sufficient facts pursuant to Rule 8 for Defendants to formulate a response to Plaintiff's complaint.[1]

In the instant matter, Defendants are on notice of the allegations and are able to frame an Answer. Defendants underlying motion evidences that they have an understanding of the issues being raised in the complaint, putting aside the incorrectly supported legal arguments raised in the Motion. Moreover, as set forth *infra*, Defendants cannot show they are entitled to dismissal as a matter of law based on the allegations within the four (4) corners of the Complaint.

### B. FLSA Pleading Requirement:

Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Courts previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007) in relation to motions to dismiss and the pleading requirements necessary to withstand a motion to dismiss. The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as it relates to the Sherman Act. Neither case dealt with the pleading standards as it relates to the Fair Labor

---

[1] Affidavit of Defendant attached to Defendants' Motion should not be considered as it is outside the 4 corners of the complaint.

Standards Act.[2] In fact, the Eleventh Circuit interpreting the *Twombley* motion to dismiss standard as it relates to the Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombly* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, **127 S. Ct. at 1965**). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a **FLSA violation are quite straightforward**. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred).

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008) [Emphasis added];

*Marcelle v. Am. Nat. Delivery, Inc.,* 2010 WL 1655537 (M.D. Fla. Apr. 23, 2010) ("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements are "quite straightforward").

The Southern District has further distinguished FLSA cases:

> Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered

---

[2] Defendant have not cited to either *Twombly or Iqbal,* perhaps with the understanding that FLSA matters have been distinguished.

employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Productions, Inc.,* 09-CIV-61779, 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010), followed by *Rivera v. Deer Run Realty & Mgt., Inc.,* 6:15-CV-79-ORL-41DAB, 2015 WL 4878681, at *6 (M.D. Fla. Aug. 14, 2015)[3] see also *Saravia v. Mebco Tire & Services, Inc.,* Case number 13-24139-Williams, docket entry 18 [Exhibit A] ("The requirements to "state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation . . . in accordance with the Act." Id."). "The Complaint contains one count for unpaid overtime, under both the individual and enterprise liability under the Fair Labor Standards Act. It is barely longer than four pages. This case is relatively straightforward, and is certainly not the type complaint that would cause the "framers of the Federal Rules of Civil Procedure ... [to] roll over in their graves." *Id.* at 979." *Hernandez v. Art Deco Supermarket,* 13-20705-CIV, 2013 WL 5532828, at *4 (S.D. Fla. Oct. 4, 2013).

The basic premise in the Supreme Court decisions of *Twombly* and *Iqbal* is that cases dealing with complex fact intensive issues such as the *Sherman Act* and a *Bivens* action, which are very fact specific and not straightforward, require substantial facts to be placed in a Complaint. However, as stated above, FLSA cases are straightforward and do not require the same fact intensive details of a Sherman or Bivens action. In this straightforward FLSA action, Plaintiff has sufficiently pled that Plaintiff worked in excess of 40 hours a week and was not paid the proper overtime and minimum wages for said work.

---

[3] "("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward."); *see also McDonald v. Kellogg Co.,* 2009 WL 1125830, at *1 (D.Kan. Apr.27, 2009) ("federal courts in the wake of *Twombly* have held that extensive pleading is not required in the context of an FLSA claim")"

Furthermore, pursuant to the Eleventh Circuit decision in *Polycarpe v. E&S Landscaping Serv., Inc*., 616 F.3d 1217 (11th Cir. 2010), Plaintiff has pled sufficient facts to establish enterprise coverage.

> An employer falls under the enterprise coverage section of the FLSA if it 1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and 2) has at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A).

*Polycarpe v. E&S Landscaping Serv., Inc.,* 616 F.3d 1217, 1220 (11th Cir. 2010).

As it relates to the interstate commerce prong, the Eleventh Circuit expressly struck down the same arguments which are advanced by Defendants. The Eleventh Circuit found the definition of interstate commerce used for individual coverage could not be conflated with enterprise coverage. While individual coverage requires the continuous movement or products in interstate commerce, enterprise coverage does not require that it be continuously moving interstate commerce.

> The plain language of the statute compels this conclusion. Defendants fall under enterprise coverage if they have "employees handling, selling, or otherwise working on goods or materials that *have been* moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A)(i) (emphasis added). "The tense is in the past. There is no requirement of continuity in the present." *Brennan*, 479 F.2d at 1031.

*Id.* at 1221.

Plaintiff is pleading enterprise coverage, as opposed to individual coverage. Plaintiff has alleged sufficient facts to establish interstate commerce under enterprise coverage, as the mere handling of materials by two or more employees in the context of their employment with Defendants, is sufficient to establish the interstate commerce prong and establish enterprise coverage. Plaintiff need not plead the incorrect standard as proposed by the Defendants.

**C.   <u>Distinguishing cases cited by Defendants:</u>**

Defendants reliance on *Olson v. Star Lift, Inc.,* 709 F.Supp.2d 1351 (S.D.Fla.2010) is misguided for two reasons; (1) said decision was rendered following a bench trial and not at the motion to dismiss stage and (2) the standard used for enterprise coverage in the *Olson* decision, issued on April 30, 2010, was incorrect as set forth by the landmark Eleventh Circuit Court decision on August 31, 2010 in *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217 (11th Cir. 2010).

As it relates to the first argument, Judge Scola of this District in *Ceant v. Aventura Limousine & Transp. Serv., Inc.* analyzed the application of Olson at the Motion to Dismiss stage and stated:

> This line of argument is misguided and premature. The Court agrees with Ceant's observation that "Defendants have confused the standard at this pleading stage in the proceedings, with a summary judgment or more detailed standard[.]" Resp. at 5. Indeed, the cases cited by Defendants, several of which are from outside this Circuit, concern what is required for the plaintiff to prevail at summary judgment or trial. *See Myers v. Copper Cellar Corp.,* 192 F.3d 546, 551 (6th Cir.1999) (appeal after bench trial); *Laplante v. Terraces of Lake Worth Rehab. & Health Ctr., LLC,* 725 F.Supp.2d 1358 (S.D.Fla.2010) (Marra, J.) (bench trial); *Olson v. Star Lift, Inc.,* 709 F.Supp.2d 1351 (S.D.Fla.2010) (Martinez, J.) (bench trial); *Gatto v. Mortg. Specialists of Ill., Inc.,* 442 F.Supp.2d 529, 534–36 (N.D.Ill.2006) (summary judgment); *Haywood v. N. Am. Van Lines, Inc.,* 121 F.3d 1066, 1071 (7th Cir.1997) (appeal after summary judgment). Those holdings have no bearing on what allegations are required at the motion to dismiss stage.

*Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1379 (S.D. Fla. 2012).

Likewise, the Eleventh Circuit clarified that employees handling materials that had at one point moved in interstate commerce are likewise covered employees under enterprise coverage *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217 (11th Cir. 2010). Said doctrine has been referred to as the handling clause of enterprise coverage.  As set forth by the Eleventh Circuit, and contrary to Defendants' position on this matter, the Plaintiff can simply be covered under the

theory of enterprise coverage by handling materials, e.g. fence material used to make fences, which had at one point in time originated outside the State of Florida.

Next, Defendants rely on outdated decisions such as *Mitchell v. Lublin, McGaughy & Associates*, 358 U.S. 207 (1959), *Divins v. Hazeltine Elecs. Corp.*, 163 F.2d 100 (2d Cir. 1947) and *Walling v. Jacksonville Paper Co.*, 317 U.S. 564 (1943). The decisions are outdated as they were issued prior to the 1961 amendments to the Fair Labor Standards Act.

> Since its original enactment in 1938, Congress has amended the FLSA three times, each time enlarging the number of entities subject to coverage under the Act. *See Dunlop v. Indus. Am. Corp.*, 516 F.2d 498, 500–02 (5th Cir.1975). The Act's coverage initially was defined in terms of individual employees, not employers. *Id.* at 500. With the first amendment, in 1961, Congress expanded the FLSA in two relevant respects. *See* Fair Labor Standards Amendments of 1961, Pub.L. No. 87–30, 75 Stat. 65 (1961). First, it provided for enterprise-wide coverage rather than coverage of only certain qualifying individual employees. After the amendment, if an employer had two or more workers engaged in commerce or the production of goods for commerce, FLSA coverage extended to all of the enterprise's employees. *Dunlop*, 516 F.2d at 500–01.

*Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). The Eleventh Circuit goes on to explain the expansiveness of the additional amendments to the Fair Labor Standards Act an its impact on enterprise coverage. Therefore, it is clear that the decisions relied upon by Defendants from 1943, 1947 and 1959 could not have been in regard to enterprise coverage, as said amendment only took place in 1961.

Wherefore, Plaintiff respectfully requests that the Court follow the most current standard of Enterprise Coverage as articulated by the Eleventh Circuit in *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217 (11th Cir. 2010) and not follow Defendants' suggestion of applying outmoded case law that predates the amendment to the Fair Labor Standards Act establishment of enterprise coverage.

### D.  **Similarly Situated Employees:**

In order to proceed with a collective action, and provide the proper notice, Plaintiff would need to file the appropriate motion pursuant to 29 U.S.C. §216(b). However, to date, Plaintiff has not filed said motion, and as a result, Defendants' motion on this issue is premature, see *Lang v. DirecTV, Inc.,* 735 F. Supp. 2d 421, 435-36 (E.D. La. 2010) ("The Court finds that defendants' motion to dismiss is premature because plaintiffs have not moved for certification and had no opportunity to develop a record."), *Meggs v. Condotte Am., Inc.,* 12-20876-CIV-GOODMAN, 2012 WL 3562031, at *3 (S.D. Fla. Aug. 17, 2012) ("Generally, whether a suit can be maintained as a collective action under the FLSA is determined not on a 12(b)(6) motion, but rather on a motion to conditionally certify a collective action. *Mitial v. Dr. Pepper Snapple Grp.,* No. 11–81172–CIV, 2012 WL 2524272, at *4 (S.D.Fla. June 29, 2012); *Dominguez v. Micro Ctr. Sales Corp.,* No. 11 C 8202, 2012 WL 1719793, at *2 (N.D.Ill. May 15, 2012).").

Plaintiff wishes to reserve the right to proceed with the opt-in process, if justified, by utilizing the certification process. The Court in *Reyes v. Carnival Corp*., 2005 WL 4891058 (S.D. Fla. May 25, 2005) discussing *Hipp v. Liberty National Life Insurance Co*., 252 F.3d 1208 (11th Cir. May 29th, 2001), fully described the "similarly situated" requirement in this Circuit as flexible and non-restrictive.  Plaintiff wishes to proceed with this litigation and pursue the opt-in process as applicable.

*Hipp* made clear that the District Court has the authority to authorize the opt-in notice before they issue under 216(B).  *Hipp, citing Mooney v. Aramco Servs. Co.,* 54 F.3d 1207 (5th Cir. 1995) set forth a two prong approach for district courts to utilize when confronting a 216(B) opt-in situation:

"The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision--usually based only on the pleadings and any

affidavits which have been submitted--whether notice of the action should be given to potential class members.

Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.  If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in."The action proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.  The class representatives--i.e. the original plaintiffs--proceed to trial on their individual claims…. *Hipp* at 1218.

Hipp further discussed that the "similarly situated" requirement is flexible and non-restrictive in this Circuit. The Plaintiff need only to show a reasonable basis for the claim of class wide discrimination:  this burden is not heavy.  Plaintiff has alleged sufficient facts within the Complaint to withstand a Motion to Dismiss, and the appropriate time to address said matter, if it were to arise, would be at the certification stage, not at the motion to dismiss stage. Asking the Court to dispose of a potential collective action at the motion to dismiss stage, would best be described as an end-run to the certification process.

This case has not yet reached the first, conditional certification stage of the process outlined in *Lusardi*. Plaintiffs have not moved for certification, and they have not proposed that specific notices be distributed. The Court finds that defendants' motion to dismiss is premature because plaintiffs have not moved for certification and have had no opportunity to develop a record. This challenge on the pleadings seeks to end-run the certification process by trying certification on the face of the complaint.

*Lang v. DirecTV, Inc.,* 735 F. Supp. 2d 421, 435-36 (E.D. La. 2010).

As noted supra, Plaintiff has not moved for conditional certification nor has Plaintiff requested that specific notices be distributed to potential opt-in Plaintiffs. Therefore, as in the

*DirectTV, Inc.* case, Defendants' Motion is, at best, premature and should be denied at this stage of the proceedings.

 Wherefore, Plaintiff requests that the Court deny Defendants' Motion in its entirety.


         Respectfully Submitted,

         Daniel T. Feld, Esq.
         Daniel T. Feld, P.A.
         Attorney for Plaintiff
         2847 Hollywood Blvd.
         Hollywood, Florida 33020
         Tel: (954) 361-8383
         Email: DanielFeld.Esq@gmail.com

         By:__/s/ Daniel T. Feld _____
          Daniel T. Feld, Esq.
          Florida Bar Number: 0037013

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that a true and correct copy of Plaintiff's Response to Defendants' Motion to Dismiss was sent via CM/ECF to Laura Elizabeth Burgess, Esq., L.E. Burgess, P.A., 5966 S Dixie Hwy, Suite 300, Miami, Florida 33143, Email: laura@leburgesslaw.com on this 17th day of December 2018.


         Daniel T. Feld, Esq.
         Daniel T. Feld, P.A.
         Attorney for Plaintiff
         2847 Hollywood Blvd.
         Hollywood, Florida 33020
         Tel: (954) 361-8383
         Email: DanielFeld.Esq@gmail.com

         By:__/s/ Daniel T. Feld _____
          Daniel T. Feld, Esq.
          Florida Bar Number: 0037013