**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-24079-Civ-WILLIAMS/TORRES

ANTONIO C. MEDINA, and all others
similarly situated,

      Plaintiff,

v.

DM FENCE CORPORATION, a Florida
Corporation, DAVID MEZA, individually,
and PABLO AROCH, individually,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**
**ON DEFENDANTS' MOTION TO DISMISS**
**AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

This matter is before the Court on DM Fence Corporation's ("DM Fence"),

David Meza's ("Mr. Meza"), and Pablo Aroch's ("Mr. Aroch") (collectively,

"Defendants") motion to dismiss and motion to strike Plaintiff's complaint. [D.E.

18]. Plaintiff responded on December 18, 2018 [D.E. 22] to which Defendants

replied on January 11, 2019. [D.E. 26]. Therefore, Defendants' motions are now

ripe for disposition. After careful consideration of the motions, response, reply, and

relevant authority, and for the reasons discussed below, Defendants' motions should

be **DENIED**.[1]

---

[1]    On January 8, 2019, the Honorable Kathleen Williams referred Defendants'
motions to the undersigned Magistrate Judge for disposition. [D.E. 23].

## I.   BACKGROUND

Plaintiff filed this action on October 3, 2018 seeking unpaid overtime wages and federal minimum wages.  [D.E. 1].  The complaint alleges that DM Fence is a Florida limited liability company that regularly conducts business within the Southern District of Florida and installs fences for its customers.  Plaintiff alleges that, while he was paid between $60 and $70 per day, he worked approximately 72 hours per week with no overtime compensation.  Plaintiff also claims that his pay was the equivalent of $5.40 per hour and that Defendants violated the Fair Labor Standards Act (the "FLSA") because employees are required to be paid a federally mandated minimum wage.   Therefore, Plaintiff requests compensatory and liquidated damages, reasonable attorney's fees, and court costs.

## II.   APPLICABLE PRINCIPLES AND LAW

In ruling on Defendants' motion to dismiss, the Court takes the allegations in the complaint as true and construes the allegations "in the light most favorable to the plaintiff." *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts . . . 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is

plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Factual content gives a claim facial plausibility. *Id.* "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III.   ANALYSIS

Defendants' motion seeks to dismiss Plaintiff's complaint because the allegations presented are conclusory and fail to state a claim for individual or enterprise coverage under the FLSA. Defendants also contend that Plaintiff's reference to "similarly situated individuals" should be stricken because Plaintiff fails to present any factual support for this allegation. Plaintiff's response is that he has pleaded facts for enterprise coverage and that any decision to dismiss his

reference to "similarly situated employees" is premature.[2]   We will discuss the parties' arguments in turn.

### A.      *Principles of the FLSA*

The FLSA mandates that an "employee[ ]" who is "engaged in interstate commerce" must be paid an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week.  29 U.S.C. § 207(a).[3]  If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay.  *Id.* § 216(b).[4]  As defined by the statute, and subject to certain exceptions, an employee is "any individual employed by an employer."  *Id.*§ 203(e)(1).  The statutory definition of "employer" is similarly broad; it encompasses both the employer for whom the employee directly works as well as

---

[2]      Because Plaintiff argues in his response that he has only alleged enterprise coverage, Defendants' motion to dismiss Plaintiff's complaint for failure to allege individual coverage is **DENIED as moot**.

[3]      The relevant provision states:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

[4]      Section 216(b) provides in relevant part, "[a]ny employer who violates the provisions of [29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

"any person acting directly or indirectly in the interests of an employer in relation to an employee." *Id.* § 203(d).  Therefore, the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment.  *See Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (citing *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983) (explaining that a person is derivatively liable if he is intimately involved in the day-to-day operations of an employer that would be directly liable under the FLSA)).

To qualify for FLSA overtime, an employee must demonstrate that he is covered by the FLSA.  *See Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1299 (11th Cir. 2011).  There are two possible types of FLSA coverage.  *See, e.g., Ares v. Manuel Diaz Farms, Inc.,* 318 F.3d 1054, 1056 (11th Cir. 2003) (citing 29 U.S.C. § 207(a)(1)).  First, an employee may claim "individual coverage" if he regularly and "directly participat[es] in the actual movement of persons or things in interstate commerce." *Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2) (2005); 29 C.F.R. § 776.24 (2005)); *see also* 29 U.S.C. § 207(a)(1) (mandating time-and-a-half for "employees . . . engaged in [interstate] commerce or in the production of goods for [interstate] commerce").  Second, an employee is subject to enterprise coverage if he is "employed in an enterprise engaged in commerce or in the production of goods for commerce,"  29 U.S.C. § 207(a)(1), where commerce means "trade, commerce,

transportation, transmission, or communication among the several States or between any State and any place outside thereof," *id.* § 203(b), and an "enterprise" is the activities performed by a person or persons who are (1) engaged in "related activities," (2) under "unified operation or common control," and (3) have a "common business purpose," *id.* § 203(r)(1).

In relevant part, an enterprise is engaged in commerce or in the production of goods for commerce if it:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

*Id.* § 203(s)(1)(A)(i)–(ii) (emphasis added).  Alternatively, enterprise coverage is available to any employee of an enterprise "engaged in the operation of a hospital [or] an institution primarily engaged in the care of . . . the aged . . . who [also] reside on the premises of such institution."  *Id.* § 203(s)(1)(B).  An employee may be subject to either type, or both types, of FLSA coverage.  *See Ares,* 318 F.3d at 1056 (citing 29 U.S.C. § 207(a)(1)).

### B.      *Whether Plaintiff States a Claim for Enterprise Coverage*

Defendants argue that Plaintiff's complaint fails to state a claim for enterprise coverage – with respect to the first prong – because Plaintiff's allegations are conclusory.   Defendants direct the Court's attention to paragraph six of Plaintiff's complaint where Plaintiff alleges that "Defendant, DM FENCE, is at all time pertinent to this Complaint, an enterprise engaged in commerce, as it had two

or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce." [D.E. 1]. Defendants take issue with this allegation because Plaintiff fails to state the origin of the tools that moved in interstate commerce or provide any specifics on where these goods were purchased. As such, Defendants suggest that Plaintiff's allegations are conclusory and lack the requisite factual support to sustain an allegation of enterprise coverage.

Defendants' argument is unpersuasive because, at this early stage of the case, Plaintiff need only meet minimal pleading requirements because specificity – on whether items moved in interstate commerce and where they were purchased – is information most often in the hands of a defendant. That is, "an allegation of 'enterprise' coverage need not attempt to set out a separate allegation of the defendant's sales or a description of the activities of other employees," because "that would only involve gross speculation and not provide [Defendants] with meaningful information because . . . [D]efendant[s] already ha[ve] knowledge of such information." *Farrell v. Pike*, 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004) ("[B]are bones allegations are acceptable for 'enterprise' coverage, and it is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for summary judgment or trial."). This means that, while Plaintiff "has not plead the connection to interstate commerce with great specificity, h[is] [c]omplaint is sufficient to withstand a motion to dismiss." *Rodriguez v. Cortes*, 2009 WL 10667873, at *3 (S.D. Fla. Mar. 26, 2009). Therefore, Defendants' argument with respect to the first prong for enterprise coverage lacks merit.

Next, Defendants argue that Plaintiff has not met the second prong for enterprise coverage because Plaintiff fails to allege that Defendant grossed over $500,000 for 2018.   Plaintiff alleges that "DM FENCE is expected to exceed $500,000 for the year of 2018." [D.E. 1].  Defendants claim that this is a mere legal conclusion and that Plaintiff's complaint suggests that he is uncertain if Defendants grossed over $500,000 for 2018.  Alternatively, Defendants rely on an affidavit to their motion to dismiss where David Meza ("Mr. Meza"), a representative of DM Fence, states that DM Fence did not gross in excess of $500,000 and that this provides conclusive evidence that enterprise coverage is inapplicable.

Defendants' second argument is equally unpersuasive because Plaintiff's allegation that DM Fence is expected to exceed $500,000 satisfies the second prong for enterprise coverage.  Defendants' argument is unpersuasive because Plaintiff "need not know for certain, nor prove, that [DM Fence] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) (citing *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 2008 WL 793660, at *2 (M.D. Fla. Mar. 24, 2008) ("[B]are bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not provide the defendant with meaningful information because the defendant already has [ ] such information")).

Courts have confronted Defendants' argument many times in FLSA cases and – based on the undersigned's review of the relevant case law – we cannot find

any court that required anything more than a plaintiff's information and belief that a defendant has gross revenues more than $500,000.   *See, e.g., Dobbins v. Scriptfleet, Inc.,* 2012 WL 601145, at \*2 (M.D. Fla. Feb. 23, 2012) (finding that an allegation on information and belief that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); *Roberts v. Caballero & Castellanos, PL,* 2010 WL 114001, at \*3 (S.D. Fla. Jan. 11, 2010) (finding that an allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal).   If Plaintiff's allegation is ultimately false, Defendants may use the information in their possession to obtain summary judgment on this issue.   *See Roberts,* 2010 WL 114001, at \*3 ("These issues, especially the extent of [defendants'] gross sales, are issues more appropriately determined at the summary judgment stage.").   But, at the motion to dismiss stage, Plaintiff has met the second element for enterprise coverage and therefore Defendants' motion to dismiss Plaintiff's FLSA claims should be **DENIED**.[5]

---

[5]     Defendants' argument that – Mr. Meza's affidavit demonstrates that DM Fence did not have gross revenues in excess of $500,000 – is unconvincing because it falls outside the four corners of the complaint.   Defendants are, in effect, seeking to have the Court convert their motion to dismiss into a motion for summary judgment with the consideration of evidence in addition to the allegations in Plaintiff's complaint.   But, in ruling on summary judgment motions, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record." *WSBTV v. Lee,* 842 F.2d 1266, 1269 (11th Cir. 1988).   And Plaintiff should be allowed to conduct adequate discovery to garner evidence to support enterprise liability to the extent that it exists.   Therefore, Defendants' reliance on Mr. Meza's affidavit is misplaced.

### C.  *Whether Plaintiff's Collective Action Should be Stricken*

Defendants' final argument is that Plaintiff's reference to "similarly situated individuals," should be stricken because Plaintiff fails to demonstrate that there are any employees who meet this distinction under 29 U.S.C. § 216(b).  Plaintiff's response is that Defendant's argument is premature because Plaintiff has not moved for conditional certification nor has Plaintiff requested that specific notices be distributed to potential opt-in plaintiffs.  Plaintiff states, however, that he reserves the right to proceed with an opt-in process but that this issue should arise at the class certification stage – not on a motion to dismiss.  Therefore, Plaintiff concludes that Defendants' motion is premature and should be denied.

The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)).  Specifically, 29 U.S.C. § 216(b) provides that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  "Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated."  *Morgan,* 551 F.3d at 1258.

The Eleventh Circuit has not adopted a clear definition of how similar employees must be in order for a case to proceed as a collective action.  *See Morgan,* 551 F.3d at 1259.  It has, however, provided some guidance. The employees should be "'similarly situated' with respect to their job requirements

10

and with regard to their pay provisions." *Id.* (quoting *Dybach v. State of Fla. Dep't of Corr.,* 942 F.2d 1562, 1567 (11th Cir. 1991)).[6]

"Generally whether a suit can be maintained as a collective action under the FLSA is determined not on a 12(b)(6) motion, but rather on a motion to conditionally certify a collective action." *Meggs v. Condotte Am., Inc.*, 2012 WL 3562031, at *3 (S.D. Fla. Aug. 17, 2012) (citing *Mitial v. Dr. Pepper Snapple Grp.,* 2012 WL 2524272, at *4 (S.D. Fla. June 29, 2012); *Dominguez v. Micro Ctr. Sales Corp.,* 2012 WL 1719793, at *2 (N.D. Ill. May 15, 2012)).    However, if a complaint fails to allege the attributes of similarly situated employees, a collective action claim may be dismissed at the pleading stage.   *See Dominguez,* 2012 WL 1719793, at *2; *Peralta v. Greco Int'l Corp.,*  2011 WL 5178274, at *4 (S.D. Fla. Oct.31, 2011); *Pickering v. Lorillard Tobacco Co., Inc.,* 2011 WL 111730, at *2–3 (M.D. Ala. Jan. 13, 2011).

Here, Plaintiff has not moved for conditional certification of a collective action, nor have any notices been distributed to potential opt-in plaintiffs – meaning Defendants' argument at the pleading is premature.  *Mitial,* 2012 WL 2524272, at *4; *see also Moreno v. Ferretti Grp. of Am., LLC,* 2011 WL 4499031, at *3 (S.D. Fla. Sept. 27, 2011) (denying motion to dismiss collective action based on failure to file

---

[6]      In *Carrera v. UPS Supply Chain Solutions, Inc.,* 2011 WL 1303151, at *4 (S.D. Fla. Mar.31, 2011), and *Peralta*, 2011 WL 5178274, at *4, those courts set out the following five factors in determining whether employees were similarly situated: (1) the employees' job titles, (2) the geographic location where the employees worked, (3) the time period of the alleged violations, (4) the similarity of the policies and practices the employees were subject to, and (5) the employees' allegations of similar violations against the same defendant(s).

written consents of yet-to-be-identified similarly situated employees).  We are also satisfied that Plaintiff has sufficiently alleged that there are similarly situated employees because they worked for Defendants and installed fencing during a similar time frame.  Therefore, Plaintiff has adequately pleaded that there may be other similarly situated employees and Defendants' motion to strike should be **DENIED**.[7]

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** that Defendants' motion to dismiss and motion to strike be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

---

[7]      Neither party should construe this decision as implying that Plaintiff and other potential future plaintiffs are similarly situated for the purpose of class certification.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 28th day of

January, 2019.


/s/ *Edwin G. Torres*

EDWIN G. TORRES
United States Magistrate Judge